# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES AARON BROOKS,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:16-2386 |
| v | : | |
| **CHARLES E. SAMUEL, JR.,** | : | (JUDGE MANNION) |
| Respondent | : | |

## **MEMORANDUM**

## I. **Background**

Charles Aaron Brooks, an inmate confined in the United States Penitentiary, Florence, Colorado, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging his federal sentence under the Interstate Agreement on Detainers Act (IADA), the sentencing court's modification of his federal sentence and the BOP's subsequent sentence computation, four prison disciplinary actions and numerous vague constitutional claims. Id.

Presently before the Court is Petitioner's "motion for temporary injunction", in which Petitioner argues that "Defendants now are depriving Plaintiff "stamps, paper, pencils, pens, legal copies, legal envelopes, the larceny occurred of legal documents, favorable prima facie evidence that prove defendants, non-defendants did violate constitution, the defendants ordered non-defendants to freeze trust fund account, deny Plaintiff computer

access, therefore Plaintiff can't get on computer to see or review cases, rules, statutes, BOP program." (Doc. 23). As such, Petitioner argues that he is being denied access to the courts as "this makes it impossible to litigate." Id. For the reasons that follow, Petitioner's motion for injunction will be denied.

## II. Discussion

Temporary restraining orders and preliminary injunctions are governed under the same reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v.

Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988), cert. denied, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), cert. denied, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting

Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1876). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1874). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 548 U.S. 521 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Brooks has not demonstrated that a temporary restraining order or preliminary injunctive relief is warranted in this case. First, Petitioner's allegations in his Motion for Temporary Restraining Order bear no relation to the action pending and, therefore, is an impermissible basis for seeking injunctive relief[1] as the issuance of a

---

[1] See Stewart v. United States Immigration and Naturalization Service, 762 F.2d 193, 198-99 (2d Cir. 1985) (finding that a court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint); Devose v.

preliminary injunction is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit. See Acierno, 40 F.3d at 647.

Alternatively, even if the Court were to assume that Petitioner's request regarding preliminary injunction were sufficiently related to his petition, the motion would still fail because he is unable to demonstrate a likelihood of success on the merits. The Supreme Court has "consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 824 (1977). However, for claims involving inadequate legal supplies such as paper, pens, and photocopying, a plaintiff must show that the alleged inadequacies resulted in an "actual injury" where he was actually denied access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Petitioner has not met his burden.

First, Petitioner has not specified what legal supplies he has received and what legal supplies he has been denied. The State must only provide the basic supplies, which ensures that the prisoner's access to the court is "meaningful." See Phillips v. Hurst, 588 F.3d 652, 656-57 (9th Cir. 2009). The

---

Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction).

State does not have an obligation to provide unlimited free legal supplies. See Kershner v. Mazurkiewicz, 670 F.2d 440 (3d Cir. 1994). Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations. Id. If Brooks has been provided the necessary supplies to give him access to the courts, then he would not be successful on an access to courts claim under 42 U.S.C. §1983[2]. However, the only information currently available is that Brooks has access to a pen, paper, envelope, and postage because he was able to compose and submit this motion to the Court.

Even supposing Brooks was denied necessary legal supplies, he would need to prove that he has suffered or will suffer an "actual injury" as a result of the inadequate supplies. See Lewis, 518 U.S. at 351-52. An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost. Christopher v. Harbury, 536 U.S. 403, 415 (2003); see also Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Petitioner cannot just point to alleged lack of legal materials as a basis for injury; rather, he must show that he has or will

---

[2] Under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, (1971), the District Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor. Bivens, supra. A Bivens-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. §1983 and the same legal principles have been held to apply. See, Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F.Supp. 1486, 1492 (M.D.Pa. 1992); Young v. Keohane, 809 F.Supp. 1185, 1200 n. 16 (M.D.Pa. 1992).

suffer a relevant, actual injury because of the lack of materials and this he has not done. Brooks does not claim that he is unable to communicate with a lawyer or the courts, or that he has suffered any injury or loss in the form of access to the courts. He has not alleged that he has missed a deadline, was precluded from advancing an arguably meritorious claim or motion, or was otherwise injured because of the purported denials. While Petitioner asserts that he has somehow been hampered in his ability to access the courts, he has not alleged any specific instance in which he was denied access to the courts. In fact, Petitioner's ability to present this current action indicates that his access to the courts has not been impeded. As such, the Petitioner does not have an injury and cannot prevail on the merits. Consequently his motion will be denied.

An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 18, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2386-01.wpd